UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRY DEWAYNE HENDERSON ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:05-0211 |
| ] | Echols/Brown |
| SCOTT SULFRIDGE, ET AL. ] | |
|     Defendants. ] | |

To:   Honorable Robert L. Echols, District Judge

**R E P O R T   A N D   R E C O M M E N D A T I O N**

By an order (Docket Entry No. 3) entered March 17, 2005, the Court referred this action to the Magistrate Judge "to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court."

Presently pending before the Court is the defendants' Motion for Summary Judgment (Docket Entry No. 11), to which the plaintiff has filed no response. The undersigned has conducted a review of this pleading along with those documents submitted in support of the motion (Docket Entry Nos. 12-14, 16-21) and respectfully recommends, for the reasons stated below, that the defendants' Motion for Summary Judgment should be granted and that this action be dismissed.

1

I. Background

The plaintiff, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Scott Sulfridge and Robert Collins, members of the Metropolitan Nashville Police Department, alleging that the defendant police officers used unreasonable force to arrest him in violation of his constitutional rights.

On July 18, 2004, Officer Sulfridge was on patrol when he noticed a Jeep bearing a license plate that he had seen earlier on another vehicle. By radio, the officer learned that the Jeep had been reported stolen. Docket Entry No. 20 at pg. 2. Officer Sulfridge pursued the Jeep and eventually was able to pull it over. An individual later identified as the plaintiff exited the vehicle and fled from the scene. Docket Entry No. 1 at pg. 6.

Officer Collins and his K-9 partner, Shrek, joined Officer Sulfridge in a search for the plaintiff. The police dog "initiated a track" and the plaintiff was found a short time later hiding in some bushes behind a building. Docket Entry No. 19 at pg. 1. The plaintiff was apprehended after a brief struggle during which he was struck by Officer Sulfridge and bitten by the police dog. Following his arrest, the plaintiff was taken to Nashville General Hospital for treatment of his wounds.

II. Legal Discussion

A.) Standard for Summary Judgment

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact

2

and the moving party is entitled to judgment as a matter of law." In order to prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.3d 60, 63 (6th Cir. 1979).

In considering a motion for summary judgment, the Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id., at 477 U.S. 248. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

**B.) Failure to Respond to the Defendants' Motion for Summary Judgment**

On October 24, 2005, the defendants filed their Motion for Summary Judgment (Docket

Entry No. 11). The plaintiff has neglected to file a response to this motion. In the Scheduling Order (Docket Entry No. 10) entered by the undersigned, the plaintiff was forewarned that dire consequences could result from a failure to respond to such a motion. More specifically, the plaintiff was informed:

> All dispositive motions to dismiss and for summary judgment shall be filed by October 24, 2005. *Plaintiff is forewarned that dispositive motions must be responded to within thirty (30) days unless an extension is granted by the court, and that failure to respond to the motion and to statements of facts may result in the court taking the facts alleged in the matter as true and granting the relief requested* (emphasis added). In responding, plaintiff may not just rely on his complaint. Plaintiff must show there is a material dispute of fact with citation to the record, affidavits or other matter of evidence. Plaintiff should read and comply with Federal Rule of Civil Procedure 56 and Local Rule 8(b)(7).

Docket Entry No. 10 at pg. 3-4.

When a non-moving party does not respond to a motion for summary judgment, summary judgment, if appropriate, shall be entered against the non-moving party. Rule 56(e), Fed. R. Civ. P.; *See also* Bennett v. Dr. Pepper/Seven-Up, Inc., 295 F.3d 805 (8th Cir. 2002) (dismissal of pro se complaint was affirmed after the plaintiff had failed to respond to defendants' motion for summary judgment).

C**.) Excessive Use of Force Claims**

In order to establish a claim for § 1983 relief, the plaintiff is required to plead and prove that a person or persons, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). The defendants were clearly acting under color of state law when they arrested the plaintiff. Therefore, the only question for the

4

Court to resolve is whether the plaintiff's rights were violated during the course of his arrest.

Excessive force claims within the context of an arrest or investigatory stop are governed by the objective reasonableness standard found in the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 1867-1868, 104 L.Ed.2d 443 (1989). The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Matthews v. Jones, 35 F.3d 1046, 1050 (6th Cir. 1994). The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second decisions about the amount of force to use in circumstances that are tense, uncertain and rapidly evolving. Graham, supra at 109 S.Ct. 1872.

## C.) Appropriateness of Summary Judgment

From the record, the following facts are undisputed. On July 18, 2004, Officer Sulfridge stopped a stolen vehicle being driven by the plaintiff. The plaintiff exited the vehicle and fled the scene. The defendants, with the assistance of a police dog named Shrek, discovered the plaintiff hiding in some bushes behind a building.

What happened next is a matter that remains in dispute. The plaintiff claims that he complied with instructions to lay on his stomach and lock his hands behind his back. When he did so, Officer Sulfridge "came up and hit me in the back of my neck with something." The plaintiff further contends that Officer Collins allowed the police dog to bite him "repeatedly on several parts of my body while I was lying there on the ground." Docket Entry No. 1 at pg. 7.

The defendants, meanwhile, claim that the plaintiff refused to comply with an order for him to come out of the bushes and show his hands. Instead, the plaintiff "jumped out of the bushes and began to flee". Docket Entry No. 19 at pg. 2. Shrek was released by Officer Collins

5

and was commanded to apprehend the plaintiff. The police dog reached the plaintiff in an alley and held him there until the defendants arrived. Officer Collins commanded Shrek to release the plaintiff and, when the plaintiff continued to struggle, Officer Sulfridge was forced to strike him once with an open palm between the shoulder and the neck. Docket Entry No. 20 at pg. 2.

In support of their Motion for Summary Judgment, the defendants have provided a Statement of Undisputed Facts (Docket Entry No. 13), affidavits (Docket Entry Nos. 19 and 20) from the defendants stating that the plaintiff was struck by Officer Sulfridge and bitten by Shrek only while he was resisting arrest, affidavits (Docket Entry No. 14 and 17) from police training officers suggesting that the defendants acted according to standard regulations and procedures, an affidavit (Docket Entry No. 18) from defense counsel stating that the plaintiff has to date failed to respond to a Request for Admissions[1], and the plaintiff's medical records (Docket Entry No. 16) showing that he sustained three superficial puncture wounds and 2-3 superficial abrasions during the arrest.

To counter the defendants' version of the events that day, the plaintiff has offered nothing beyond the conclusory allegations found in his complaint. The plaintiff admits to fleeing from the police despite their commands to stop. The use of a police dog to apprehend a fleeing suspect is not, in and of itself, constitutionally unreasonable. Robinette v. Barnes, 854 F.2d 909 (6th Cir. 1988). The plaintiff's medical records do not indicate wounds consistent with any type of excessive force. In short, the defendants' actions appear from the pleadings to have been very reasonable under the circumstances. To avoid summary judgment, the plaintiff must present

---

[1] Among those admissions sought by the defendants are that the plaintiff was on parole for burglary at the time of his arrest and that he pled guilty on 6/30/05 to evading arrest and was sentenced to five years in prison.

6

some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank of Arizona, supra. The plaintiff has failed to meet this burden by providing some type of evidence suggesting that the defendants acted unreasonably. Accordingly, summary judgment would be appropriate in this instance.

## RECOMMENDATION

Upon consideration of the pleadings and the record in this case, the undersigned respectfully RECOMMENDS that the defendants' Motion for Summary Judgment be GRANTED and that this action be DISMISSED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

                            Respectfully submitted,

                            /s/ Joe B. Brown
                            Joe B. Brown
                            United States Magistrate Judge

8